**GREENBAUM OLBRANTZ** LLP

Carter E. Greenbaum
949-735-9741 (Direct)
carter@greenbaumolbrantz.com

Honorable Edgardo Ramos
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**VIA ECF**

September 10, 2025

> RE: Objection to Motion/Competing Application to Appoint Interim Class Counsel in *In re Coinbase Customer Data Security Breach Litigation*, 25-md-3153

Dear Judge Ramos:

    I write on behalf of Plaintiffs Nelson Estrada in *Estrada v. TaskUs, Inc.,* No. 1:25-cv-04409, Plaintiffs Allen Shakib and Christopher McGuire in *In re Coinbase Customer Data Security Breach Litigation* 25-md-3153 (the "MDL"), my firm (Greenbaum Olbrantz LLP), Freedman Normand Friedland, LLP and Ahdoot & Wolfson PC, who intend to oppose the motion of Scott & Scott and fifteen additional firms ("Scott & Scott Slate") to appoint interim class counsel in the MDL and submit a competing motion to appoint our three firms as interim class counsel in both the MDL and Mr. Estrada's pending case against TaskUs, Inc.

    As we will set forth in a forthcoming application, our three firm proposal presents a streamlined leadership option that stands ready to efficiently and effectively prosecute the case against Coinbase, TaskUs and other potential defendants. It includes highly experienced litigators who have extensively investigated the breach at issue in this case, including claims against TaskUs, and national law firms with experience litigating the largest data breach and cryptocurrency class actions, including the law firm (Ahdoot & Wolfson PC) that filed one of the first cases against Coinbase and initiated the MDL proceedings. A lean leadership slate that includes firms who have devoted resources prosecuting claims against Coinbase and TaskUs will provide important efficiencies for the class.

    By contrast, the sixteen-firm slate proposed by Scott & Scott et al. is bloated, inherently inefficient, and includes no firms who have investigated or prosecuted claims against TaskUs or any of the other potential defendants.

    Counsel for Mr. Estrada had not previously taken a position on Mr. Guglielmo's motion to appoint interim class counsel because none of the sixteen law firms supporting that motion had named or mentioned TaskUs in their respective complaints. Those counsel, however, informed the Court at the September 9, 2025 hearing that "We think TaskUs should be one of the defendants included in the consolidated amended complaint…[w]e didn't [name them], and we probably should have." Tr. 18:8-12.

    Ms. Wolfson did not appear at the September 9, 2025, hearing because she was abroad on vacation that had been planned prior to the Court setting the hearing. Contrary to the representations made by the Scott & Scott Slate at the hearing, no member of that sixteen firm slate had reached out to her to meet and confer about leadership in this MDL. *See* Tr. 13:16-20.

1

      We understand that the Scott & Scott Slate will be submitting an application to appoint interim class counsel shortly. Consistent with the Court's direction that any objections to Mr. Guglielmo's motion be filed within seven (7) days, we will submit our application in both the MDL and Mr. Estrada's action by Wednesday September 17, 2025. We respectfully request a hearing at which our separate applications may be heard.[1]

                                      Respectfully Submitted,

                                      */s/ Carter E. Greenbaum*

---

[1] Counsel for Mr. Estrada also intends to file an amended complaint in *Estrada* v. *TaskUs, Inc.* next week, which will not be impacted by these motions, but will detail the extensive investigation that has already been undertaken by this coalition of firms.